950 So.2d 696 (2006)
R & B FALCON DRILLING USA, INC.
v.
LAFOURCHE PARISH SCHOOL BOARD, by and Through Its Duly Authorized Collector for Sales and Use Tax Department, Sarah PERCLE.
No. 2006 CA 0064.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*697 Richard H. Morgan, Stephen H. Myers, Lafayette, Counsel for Plaintiff/Appellee R & B Falcon Drilling USA, Inc.
Patrick M. Amedee, Thibodaux, Counsel for Defendant/Appellant Lafourche Parish School Board by and through its duly authorized Collector for Sales and Use Tax Department, Sarah Percle.
*698 Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
The Lafourche Parish School Board (Parish), which is the ex officio tax collector for various political subdivisions of Lafourche Parish, appeals a summary judgment rendered against it and in favor of R & B Falcon Drilling USA., Inc. (R & B Falcon). In the judgment, the trial court ordered Lafourche to refund taxes paid, together with interest and costs. The trial court based its ruling on its finding that R & B Falcon was entitled to a tax exemption. For the following reasons, we reverse the judgment of the trial court.

PERTINENT FACTS AND PROCEDURAL HISTORY
In December 2002 the Parish issued an assessment against R & B Falcon in the amount of $154,996.47 for taxes resulting from its drilling activities off the coast of Lafourche Parish from January 1, 1998 through December 31, 2001. The taxes were associated with R & B Falcon's drilling activities, including the alleged purchase of drilling materials, supplies and equipment. R & B Falcon paid the assessment under protest and filed a suit for redetermination and a refund.
R & B Falcon filed a motion for summary judgment, which was heard in May 2005. The trial court rendered judgment on June 20, 2005, in favor of R & B Falcon and against the Parish, finding that R & B Falcon was entitled to a tax exemption as provided by La. R.S. 47:305.1.[1]
The Parish filed a motion for new trial, which was denied because it was not filed timely.
The Parish then appealed, asserting two assignments of error, summarized as follows:
1. The trial court erred in granting summary judgment to R & B Falcon by permitting an exemption to sales and use tax under La. R.S. 47:305.1 B since drilling the drilling rigs at issue are not considered "vessels," but rather "barges," which are not entitled to the statutory exemption;
2. Although the issue is rendered moot in accordance with the above assignment of error, the trial court erred in determining that the drilling rigs were engaged exclusively in foreign or interstate commerce at the time of the taxed transactions.

DISCUSSION

Motions
R & B Falcon filed two motions with this court. One was to supplement the appellate record with new law. The other was a motion to supplement the record with evidence the trial court did not allow R & B Falcon to proffer. Both motions were referred to the panel handling the appeal.

Applicability of New Law
The motion to supplement the record with new law concerns amendments to La. *699 R.S. 47:305.1 B & C(1).[2] This statute was amended to specifically include barges and drilling ships within the statutory exemption by 2006 La. Act Nos., 1st Ex. Sess., No. 34, § 1, effective February 23, 2006. This act also contained the following provision, in pertinent part:
Section 2. The provisions of this Act are interpretive of R.S. 47:305.1, as amended by Act Nos. 40 and 41 of the 2002 Regular Session on the Legislature, and are intended to explain and clarify the original intent of the Louisiana Legislature. The provisions of this Act shall not apply to any transaction that occurred on or after June 25, 2002 [the effective date of Acts 40 and 41 of the 2002 Regular Session], and prior to the effective date of this Act as provided for in Section 3 of this Act [February 23, 2006], but only with respect to any sales or use tax that may be due as a result of a collection notification event that occurred prior to June 29, 2005 [the date the Louisiana Supreme Court issued it opinion in Mallard Bay Drilling v. Kennedy, 04-1089 (La.6/29/05), 914 So.2d 533, to be discussed within].
R & B Falcon suggests that since the legislature has designated the amendments to La. R.S. 47:305.1 B & C(1) as interpretive, they should apply to the matter before us such that we should draw no distinctions *700 between "ships or vessels," "barges" and "drilling ships" in our review of whether R & B Falcon is entitled to the tax exemption under La. R.S. 47:305.1.
The Louisiana Supreme Court, however, specifically made such a distinction in Mallard Bay, 04-1089, 914 So.2d 533. It said: "It appears that a major distinguishing factor between a `vessel' and a `barge' is that a barge has no motive power of its own and requires another craft to move." Id., 04-1089 at p. 23, 914 So.2d at 549.
In Mallard Bay, the supreme court examined whether another amendment to La. R.S. 47:301 could be applied retroactively. This amendment, provided in 2002 La. Acts, No. 40, supplied a definition for "foreign or interstate coastwise commerce" in light of the supreme court's decision in Archer Daniels Midland Company v. Parish School Board of the Parish of St. Charles, 01-0511 (La.11/28/01), 802 So.2d 1270. This act also contained a section declaring that the amendments were interpretive of the legislature's intent.[3]
In concluding that Act 40 (2002) could only be applied prospectively, despite the legislative declaration, the supreme court noted that "the legislature clearly sought to abrogate this court's interpretation of La. R.S. 47:305.1(B) in Archer Daniels." Mallard Bay, 04-1089 at p. 14, 914 So.2d at 544. It then stated, "Thus, the situation in which the legislature may properly enact remedial legislation was not present in this instance." Id., 04-1089 at pp. 14-15, 914 So.2d at 545. It summarized the legislature's attempt to abrogate its statutory interpretation as follows:
In attempting to abrogate this court's interpretation of one of the exemptions provided in La. R.S. 47:305.1(B), the legislature improperly assumed the function of the judicial branch of government. Statutory construction and interpretation of legislative acts is solely a matter within the province of the judicial branch. Act 40 represents new substantive law passed under the guise of interpretive legislation. Accordingly, it can only have prospective effect and cannot be applied in this case.
Id., 04-1089 at p. 15, 914 So.2d at 545.
We do not need a motion to consider applicable law. As a general rule, an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 725. We therefore pretermit decision of R & B Falcon's motion. Even so, we recognize the principle that "[w]here the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered." (Emphasis added.) Id.
Here, however, as did Act 40 (2002) in Mallard Bay, Act 34 (2006) represents new substantive law passed under the guise of interpretive legislation. Accordingly, it can only have prospective effect *701 and cannot be applied here. Since retroactive application of the 2006 amendments to La. R.S. 47:305.1 is not permissible in the matter before us, for the reasons outlined in Mallard Bay, we apply the law in effect at the time of the disputed transactions, January through May 2001.

Disallowed Proffer
R & B Falcon seeks to supplement the appellate record with evidence it claims the trial court impermissibly refused to allow. Alternatively, it requests a remand for the introduction of this evidence. In connection with the Parish's motion for new trial, R & B Falcon attempted to proffer evidence it suggests would prove its entitlement to a tax exemption under statutory provisions other than those provided by La. R.S. 47:305.1 B, the basis for the trial court's grant of summary judgment.
R & B Falcon argues that it was entitled to make its proffer pursuant to La. C.C.P. art. 1636. This article provides in pertinent part: "When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." Here, however, R & B attempted to have the evidence admitted or proffered after the trial was completed and judgment had been rendered. It attempted the proffer in connection with its opposition to the Parish's motion for new trial. It makes no argument that the evidence was newly discovered. And it argues no principle of law that would have required inclusion of the proffered evidence into the trial record once judgment is rendered.
We are aware of no principle of law that would require the trial court to allow a proffer after judgment is rendered in a case. The party making the proffer could not claim that the failure to admit the evidence in any way affected the judgment. Further, especially where the Parish's motion for new trial was denied for being filed untimely, and the proffered evidence could not be used in any meaningful way, we see no error in the trial court's denial of the proffer.
It appears that R & B was attempting to have the record supplemented for purposes of appellate review. However, since the evidence was not properly presented to nor preserved in the trial court, we will not consider it here. This court may not consider evidence for the first time on appeal.[4]In re Shintech, Inc., 00-1984, p. 7 (La.App. 1 Cir. 2/15/02), 814 So.2d 20, 25. Further, since we find no error on the part of the trial court, we decline to remand the matter for inclusion of the proffer into the record. We deny R & B Falcon's motion to supplement the record with proffered evidence or, alternatively, to remand.

Summary Judgment
In its well-articulated and well-reasoned "Reasons for Judgment," the trial court did not consider, nor did any party argue, whether R & B Falcon's rigs were vessels or barges. Assuming the rigs qualified definitionally for the exemption under La. R.S. 47:305.1 B, the trial court ruled that since the Parish failed to present any evidence contradicting R & B Falcon's evidence that its rigs left and did not remain in Lafourche Parish waters, no genuine issue of material fact remained under the *702 appropriate jurisprudential standards regarding its entitlement to the tax exemption under La. R.S. 47:305.1 B. It entered summary judgment accordingly.
On appeal, the Parish argues that it is undisputed "that the contrivances owned and operated by [R & B Falcon] were drilling rigs or barges." R & B Falcon does, however, dispute this characterization of its rigs. In its briefs it argues that the rigs are "jack-up drilling rigs" or "submersibles," not barges, and are referred to in the record as "drilling vessels." Therefore, it claims it is entitled to the La. R.S. 47:305.1 B tax exemption. It acknowledges, however, that there is no evidence in the record to support its characterization.
Accordingly, a question of fact exists regarding the proper characterization of R & B Falcon's rigs, the resolution of which is necessary to determine whether R & B Falcon is entitled to a tax exemption under La. R.S. 47:305.1 B.
R & B Falcon also argues that the trial court did not err in entering summary judgment on other grounds. Particularly, it claims to be indisputably entitled to the tax exclusion found in La. R.S. 47:305 E. It claims, however, that proof of its entitlement to this exclusion is contained in the proffer, which we have disallowed, above.
Accordingly, we conclude that the supreme court decision in Mallard Bay brought to light a genuine disputed issue of material fact regarding the characterization of the nature of R & B Falcon's rigs that are the object of the Parish's tax collection efforts. Summary judgment can be entered only if there are no genuine issues as to material fact. La. C.C.P. art. 966 B. Therefore, the Parish's first assignment of error has merit.
We reverse the judgment of the trial court granting summary judgment in favor of R & B Falcon and against the Parish. Accordingly, we pretermit discussion of the issues raised in the Parish's second assignment of error addressing whether the trial court erred in determining that the R & B Falcon's rigs were exclusively engaged in foreign or interstate commerce at the time of the taxed transactions.

DECREE
For the foregoing reasons we reverse the judgment of the trial court granting summary judgment in favor of R & B Falcon and against the Parish. Costs of this appeal are to be split equally between the Lafourche Parish School Board and R & B Falcon Drilling U.S.A., Inc., with each party obligated in the amount of $539.90.
MOTION TO SUPPLEMENT RECORD WITH NEW EVIDENCE PRETERMITTED; MOTION TO SUPPLEMENT RECORD WITH NON-ADMITTED PROFFER DENIED; REVERSED
DOWNING, J., specially concurring.
I write to express my personal views on this case. I disagree with the Louisiana Supreme Court's decision in Mallard Bay Drilling v. Kennedy, 04-1089 (La.6/29/05), 914 So.2d 533. However, even though I disagree, I must obey.
In Mallard Bay, the supreme court acknowledges that "barges" and "drilling barges" are considered "vessels" under general maritime law, but it found it "necessary" to reject this general maritime definition. Id., 04-1089 at pp. 21-22, 914 So.2d at 548-49. In doing so, the supreme court found that it "must presume that the legislature deliberately omitted `barges'" from the exemption at issue. Id., 04-1089 at p. 18, 914 So.2d at 547. It then concluded that a barge was somehow not a vessel unless it had its own motive power. Id., 04-1089 at p. 23, 914 So.2d at 549.
*703 Words, however, should be given their generally prevailing meanings. La. C.C. art. 11. And legislation is the solemn expression of legislative will. La. C.C. art. 2. In Mallard Bay, the supreme court made a guess as to what the legislature intended. By enacting 2006 La. Act Nos., 1st Ex.Sess., No. 34, the legislature explained that the supreme court's guess was wrong.
This is not a separation of powers issue before us for consideration. There are cases that could be, but this is not one of them. Legislation is the expression of legislative will, not judicial will. Mallard Bay should be reversed. And here, the legislature's reasonable interpretive legislation should apply retroactively.
NOTES
[1] The June 20, 2005 judgment only ordered that R & B Falcon's "motion for summary judgment is hereby GRANTED." This court issued an order requiring the parties to show cause why the appeal should not be dismissed for lack of appropriate judgment language in that the decretal language did not appear to contain language disposing of or dismissing R & B Falcon's claims. The rule to show cause was recalled and the appeal was maintained after an amended judgment was filed into the record. This amended judgment ordered the Parish to return R & B Falcon's money with interest, dismissed the Parish's claims against R & B Falcon, and ordered the Parish to pay costs.
[2] The current articulation of these statutory sections is as follows. The amendments are underlined or struck through:

B. The taxes imposed by taxing authorities shall not apply to materials and supplies purchased by the owners or operators of ships, barges, or vessels, including drilling ships, operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the any such ship, barge, or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon such ships, barges, or vessels operating exclusively in foreign or interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships, barges, or vessels; nor to laundry services performed for the owners or operators of such ships, barges, or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships, barges, or vessels.
C. (1) For purposes of this Section, the term "foreign or interstate coastwise commerce" shall mean and include trade, traffic, transportation, or movement of passengers or property by, in, or on a ship, barge, or vessel, including a drilling ship;
(a) Between a point in one state and a point outside the territorial boundaries of such state;
(b) Between points in the same state where the trade, traffic, transportation, or movement of passengers or property traverses through a point outside of the territorial boundaries of such state;
(c) At a point in or between points in the same state as part of or in connection with the business of providing or delivering materials, equipment, fuel, supplies, crew, repair services, laundry services, dredging waterways services, stevedoring services, other loading or unloading services, or ship, barge, or vessel movement services to or for ships, barges, or vessels, including drilling ships, that are operating in foreign or interstate coastwise commerce as defined in this Subsection; or
(d) At a point in or between points in the same state when such trade, traffic, transportation, or movement of passengers or property is part of or consists of one or more segments of trade, traffic, transportation, or movement of passengers or property that either (i) follows movement of passengers or property into or within the state from a point beyond the territorial boundaries of such state, (ii) precedes movement of the passengers or property from within the state to a point outside the territorial boundaries of such state, or (iii) is part of a stream of trade, traffic, transportation, or movement of passengers or property originating or terminating outside the territorial boundaries of such state or otherwise in foreign or interstate coastwise commerce, as defined in this Subsection.
[3] Section 2 of 2002 La. Acts 2002, No. 40 contains the following:

The provisions of this Act are interpretative of R.S. 47:305.1 and are intended to explain and clarify its original intent, notwithstanding the contrary interpretation given in "Archer Daniels Midland Company v. The Parish School Board of the Parish of St. Charles," 01-C-0511 (La.11/28/01), 802 So.2nd 1270, and all cases consistent therewith. Therefore, the provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and to all claims arising or actions filed on and after its effective date.
[4] We note that the evidence sought to be supplemented into the record was not attached to the motion to supplement nor in any way presented to us for our possible review.