DOWNING, J.
| gSteven Ambrose appeals a judgment sanctioning him for contempt of court. His former spouse, Marjorie Ann Romero Ambrose, filed a rule for contempt in this proceeding against Mr. Ambrose for violating the terms of a judgment rendered in another proceeding in which she was not a party. Of our own motion, pursuant to our authority under La. C.C.P. art. 927 B, we notice that Ms. Ambrose had no right of action to enforce in this proceeding a judgment in favor of the Louisiana Department of Social Services and against Mr. Am-brose, which was rendered in another proceeding in which she is not a party. Accordingly, we vacate the judgment of the trial court.
PERTINENT FACTS AND PROCEDURAL HISTORY
In this proceeding entitled, “Marjorie Ann Romero Ambrose v. Steven Ambrose,” bearing docket No. 119429, Div. E, Mr. and Ms. Ambrose were divorced on November 10, 1998. By judgment in this action dated March 14, 2002, custody issues surrounding their two children were resolved. Ms. Ambrose was given sole custody of the children, and Mr. Ambrose was given visitation.
Child support issues, however, were not resolved within this lawsuit. Rather, Ms. Ambrose made application for and received services from the Support Enforcement Services for the State of Louisiana, Louisiana Department of Social Services (“Department”) in accordance with La. R.S. 46:236.1, et seq.[1] Accordingly, the State filed suit on May 23, 2001, against Mr. Ambrose seeking child support and medical support. Ms. Ambrose was not a party to that action. That action was entitled, “State of Louisiana v. Steve Ambrose,” bearing docket No. 10371-IV-D. Judgment was entered on | October 9, 2001 in favor of the Department ordering Mr. Ambrose to pay, among other things, child support, arrearages and a percentage of the children’s medical bills. Sums due were payable to the 32nd Judicial District Court IV-D Program. The judgment also made a hearing officer’s recommendations the order of the court.
Ms. Ambrose subsequently filed in this proceeding the rule for contempt and to make past due child support and medical payments executory. The judgment resulting from that rule is at issue in this appeal. She filed the rule in her own name personally seeking to enforce the judgment from the other proceeding that was rendered in favor of the Department. The trial court ruled in her favor, finding Mr. Ambrose to be in contempt and order *26 ing sanctions. The trial court denied Mr. Ambrose’s motion for new trial.
Mr. Ambrose now appeals, asserting ten assignments of error. In his first assignment of error, he argues that the Department is an indispensable party to these proceedings.[2]
DISCUSSION
In a case where the Department is providing services, the Department has a “separate and distinct cause of action” that “need not be ancillary to or dependent upon any other legal proceeding.” La. R.S. 46:236.1.2 D(l).[3] [4The Department may take direct civil action “without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings.” Id. Here, upon certification by the Department that services were being provided under then La. R.S. 46:236.1 et seq., the district attorney filed suit against Mr. Ambrose seeking to obtain an order of support against him for his two minor children. This was done before custody issues were settled. The Department’s action resulted in a judgment ordering Mr. Ambrose to pay child and medical support to a court-established program. Ms. Am-brose is not identified in any way as a party.
The law does allow Ms. Ambrose to have the judgment amended to require that payments be made to her under certain conditions, but nothing in the record reflects that she has done this. La. R.S. 46:236.2 B & C[4] say that upon the motion *27 of an interested party, together with certification from the Department that neither benefits nor services are being provided by it, the court may order the judgment to be amended ex parte to remove the Department as payee and substitute the individual.
|r,Further, La. C.C.P. art. 225 A[5] provides that a rule for contempt may issue only on the court’s motion or the motion of a “party to the action or proceeding.” See also La. R.S. 46:236.6, which provides the mechanism by which the Department may initiate contempt proceedings. Ms. Am-brose is not a party to the action or proceeding that resulted in the judgment she is trying to enforce.
We conclude, therefore, that there is no judgment establishing a child support or medical obligation under “Ambrose v. Ambrose,” docket No. 119429, Div. E under which Ms. Ambrose could seek a contempt citation for failure to pay child support or medical support. We further conclude that she is not a party to “State of Louisiana v. Steve Ambrose,” docket No. 10371-IV-D, the action in which judgment was rendered in favor of the Department. We know of no law that allows Ms. Ambrose to seek a contempt citation or other enforcement of this judgment in favor of the Department.
Louisiana Code of Civil Procedure art. 927 B allows us to recognize the lack of a right of action on our own motion. This article provides in pertinent part: “The nonjoinder of a party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.”
Accordingly, of our own motion, we notice that Ms. Ambrose has no right to seek enforcement of the judgment in favor of the Department. Therefore, we will vacate the judgment of the trial court in “Ambrose v. Ambrose,” docket No. 119429, Div. E, rendered on December 6, 2005, which is at issue in this appeal. All assignments of error are pretermitted.
DECREE
For the foregoing reasons, of our own motion and pursuant to our authority under La. C.C.P. art. 927 B, we notice that Ms. Ambrose has no right to seek a contempt citation or otherwise enforce the judgment in favor of the Department and against Mr. Ambrose. We vacate the judgment of the trial court in “Ambrose v. Ambrose,” docket No. 119429, Div. E, rendered on December 6, 2005, which is at issue in this appeal.
VACATED.
KUHN, J. concurs and assigns reasons.

. Louisiana Revised Statutes 46:236. I was repealed by 2003 La. Acts, No. 1068, § 4. Its provisions were re-enacted as La. R.S. 46:236.1.1, et seq.

. While Mr. Ambrose has not filed a formal peremptory exception under La. C.C.P. art. 927, he does argue the following language found both in La. R.S. 46:236.1.5 B and La. R.S. 46:236.1.9(C): "The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Subpart.''
We also note here that while the numbering of the pertinent provisions of Title 46 has been altered since the Department filed its petition against Mr. Ambrose, the law is substantively unchanged.

. The full text of this paragraph is as follows:
The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subro-gation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish affiliation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. Additionally, the department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Subpart. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding. (Emphasis and underlining added.)

.In pertinent part, these paragraphs state:
B. (Z)(a) Any interested party may by a written motion, together with a written certification from the department that the department is not presently furnishing and does not contemplate furnishing FITAP for or on behalf of an individual and that no services are being rendered by the department on behalf of the individual, obtain from the court which rendered the order to support such individual an amended order to require that support payments be made payable to thus individual or caretaker instead of the department.
(b) As used in this Paragraph, "interested party” shall include only the department, the person owing the support obligation, or the individual or caretaker to whom the support obligation is owed.
⅜ ⅜ ⅜ ⅜
*27 C. In either of the above cases, the court shall grant its order ex parte and without hearing any adverse party.

. This paragraph provides in pertinent part as follows:
Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court’s own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. (Emphasis added.)