CHUTZ, J.
I ¡.The State of Louisiana, Department of Children and Family Services (DCFS), appeals a district court judgment adopting the recommendations of a hearing officer that a minor child’s biological father be ordered to pay child support payments directly to the child’s mother rather than to DCFS and that the case be closed without considering DCFS’ request for a medical support order providing for health insurance coverage. For the following reasons,. we affirm in part, reverse in part, and remand this matter to the district court with instructions.
FACTS AND PROCEDURAL BACKGROUND
On June 26, 2014, DCFS filed a petition to establish paternity and fix child support on behalf of K.J.W., a minor child born on September 10, 2013, who was receiving Medicaid services. D.J.P., the child’s alleged father, was the only named defendant. DCFS also requested a medical support order directed to D.J.P. to provide insurance coverage to K.J.W. should such be, or become, available through D.J.P.’s employer or other group insurance. After receiving the results of a DNA test showing a 99.99% chance of paternity, D.J.P. stipulated to being KJ.W.’s biological fa *656 ther at a hearing held before a hearing officer on January 28, 2015. The minutes reflect the hearing officer moved to also establish child support at the hearing and no objection by any party was noted. According to DCFS, at the conclusion of the hearing, the child’s biological mother, A.R.W., advised the hearing officer that she did not want a cash child support award to be established. The hearing officer nevertheless recommended that a support order be issued.
The written recommendation issued by the hearing officer consisted of a pre-print-ed form with a choice of boxes that could be marked to indicate various recommendations and included spaces for handwritten additions to the pre-printed recommendations. By marking the appropriate box and writing in the amount by hand, the hearing officer recommended that D.J.P. be ordered to pay child support in |sthe amount of $200.00 per month, plus a 5% administrative' fee, through the State (DCFS0). However, further down on the form, the hearing officer also marked another box recommending that D.J.P. be ordered to pay ongoing child support with payment re-directed to recipient (mother). Additionally, the hearing officer recommended that KJ.W.’s mother and father be ordered to provide medical support with A.R.W. being responsible for 66% and the defendant, D.J.P., being responsible for 34% of any health and/or dental insurance and medical and dental expenses incurred on behalf of K.J.W. in excess of a $250 per year threshold for which A.R.W. was responsible.' The hearing officer’s recommendations did not include an order requiring either parent to maintain health insurance coverage on KJ.W. Finally, the hearing officer recommended that the ease be closed as of the date of the hearing,
The day after the hearing, DCFS filed an objection to the hearing officer’s recommendations complaining the hearing officer erred in redirecting payment of child support to the child’s mother rather than to DCFS.[2] DCFS further complained the hearing officer lacked authority to close the proceedings at the request of the child’s mother, A.R.W., when DCFS possessed the statutory righVobligation to bring an independent cause of action to establish a medical support order, as mandated by state and federal law.
After a hearing on February 26,. 2016, the district court issued written reasons for judgment accepting the recommendations of the hearing officer and rejecting DCFS’ objections. The district court concluded the hearing officer’s recommendations represented a stipulation between A.R.W. and D.J.P., the minor child’s parents. After observing that the hearing officer’s written récommendation noted no objections by DCFS at the January 28, 2015 hearing, the district court further concluded “there [were] no open proceedings for support enforcement services based upon the stipulation and, accordingly, [DCFS was] without standing to |4object to the Hearing Officer’s recommendation.” The district court reasoned that because- DCFS was no longer seeking a child support order, it was appropriate for the hearing officer- to close the case notwithstanding the fact that Medicaid services were being provided to the minor child. On June 26, 2015, the district court signed a judgment located at the bottom of the pre-printed form completed by the hearing officer. The judgment declared the hearing officer’s recommendations to be the judgment of the court. DCFS has now appealed from that judgment.
*657 SHOW CAUSE ORDER
On May 3, 2016, this court, ex proprio motu, issued an order to the parties to show cause whether DCFS’ appeal should be dismissed as being taken from a judgment that was imprecise, ambiguous, and lacking in decretal language.[3] The order also remanded this matter to the district court for the limited purpose of allowing the district court, if it chose to do so, to sign an amended judgment in accordance with La. C.C.P. art.1951, addressing the apparent defects in the June 26, 2015 judgment.
As to the necessity for the show cause order, we observe the majority of the judgment’s defects stem from the district court’s decision to adopt , as its final judgment the pre-printed form the hearing officer completed by hand. While it may be convenient for the hearing officer to utilize such forms, the present case demonstrates the inherent problems with the lack of precision and uncertainty created by the use of generic forms to set forth the substance , of a final judgment. A better practice would be for the hearing officer to present the district court with a proposed |,judgment tailored to the particular circumstances of an individual case that,- at ,a minimum, incorporates the essential elements of a final judgment.[4]
In any event, in response to our show cause order, the appellate record herein was supplemented with an amended judgment signed by the district court on May 24, 2016. After reviewing the amended judgment, we find that it corrected the defects identified in the show cause order. It properly identifies the parties to this litigation, clarifies imprecise and/or indecipherable handwritten language included in the original judgment, and contains no unexplained abbreviations. Accordingly, we recall the previously issued rule to show cause and maintain the appeal in this matter. See Thomas v. State ex rel. Department of Transportation and Development, 08-1924, p. 3 (La.App. 1st Cir.5/8/09) (unpublished); R & B Falcon Drilling USA, Inc. v. Lafourche Parish School Board ex rel Percle, 06-0064 (La.App. 1st Cir.11/3/06), 950 So.2d 696, 698 n. 1.
DISCUSSION
On appeal, DCFS contends the district court erred in accepting the hearing officer’s recommendations: (1) that D.J.P. be ordered to pay child support directly to A.R.W. rather than to DCFS; and (2) that the case be closed at the request of A.R.W. once a child support stipulation was reached with D.J.P., despite DCFS’s pending request for D.J.P. to be ordered to provide health insurance coverage for K.J.W.
The ’judgment in this matter initially ordered D.J.P. to pay $200.00 per month, plus a 5% administrative fee, through DCFS. However, to the extent the judgment subsequently provides the child support payments should be “re-directed” to A.R.W., we find merit in DCFS’ contention that the district court erred. DCFS initiated these proceedings by filing a peti *658 tion naming D.J.P. as the sole defendant. In doing so, DCFS was acting on behalf of the best interest of the minor child, K.J.W., and was not representing the interests of A.R.W. See La. R.S. 46:236.1.7(B); Boudreaux v. Boudreaux, 15-0536 (La.10/14/15), 180 So.3d 1245, 1256-57. Although A.R.W. had a right to participate in the child support proceedings, and she did appear at the January 28, 2015 hearing, A.R.W. neither intervened in these proceedings nor filed any pleadings requesting any relief on her own behalf. See Boudreaux, 180 So.3d at 1256-57. Specifically, the record is devoid of any indication A.R.W. formally filed a request for child support payments be made directly to her. Under these circumstances, no basis existed for the district court to adopt the hearing officer’s recommendation to “re-direct” D.J.P.’s child support payments to A.R.W.[5] Consequently, the portion of the district court judgment rer directing D.J.P.’s child' support payments to A.R.W. must be reversed.
We also find merit in DCFS’ contention that the closure of these proceedings at the request of A.R.W. constituted error since DCFS possessed an independent cause of action to obtain a medical support order. In its written reasons for judgment, the district court erroneously concluded DCFS lacked standing to proceed because there were no open proceedings for “support enforcement services” (as defined in La. R.S. 46:236.1.1(14)) pending once K.J.W.’s parents reached a child support stipulation. The district court’s rationale ignored DCFS’ independent right to obtain and enforce a medical support order in situations in which a minor child is receiving Medicaid benefits. See La. R.S. 46:236.1.2(A)(5); LAC 67:III.2527(B).
In a case where DCFS is providing services (Medicaid benefits in this instance), DCFS has a “separate and distinct cause of action” that “need not be ancillary to or dependent upon any other legal proceeding.” La. R.S. 46:236.1.2(D)(1). In such cases, DCFS may take direct civil action “without the necessity of written assignment, subrogation, tutorship proceedings, or divorce ^proceedings.”[6] La. R.S. 46:236.1.2(D)(1); Ambrose v. Ambrose, 07-0106 (La.App. 1st Cir.11/2/07), 977 So.2d 24, 26. Further, La. R.S. 46:236.1.2(A)(5) grants specific authority to DCFS in Medicaid only cases to obtain a medical support order. Therefore, regardless of whether KJ.W.’s parents reached a stipulation concerning child support, DCFS had an independent right to pursue its request for a medical support order providing health insurance coverage for K.J.W. That request was open and pending when the hearing officer recommended closure of the case based on the stipulation reached as to child support.' The district court erred in accepting this recommendation and closing the proceedings without allowing DCFS an opportunity to establish its entitlement to such a medical support order or even considering the request due to its conclusion that DCFS lacked standing to proceed independently.[7] According *659 ly, this matter will be remanded to the district court for the limited purpose of the district court holding a hearing and considering the specific request made by DCFS for a medical support order requiring D.J.P. to provide health insurance coverage for K.J.W. See La. C.C.P. art. 2164. See also Louisiana Power & Light Company v. Louisiana Public Service Commission, 324 So.2d 430, 432 (La.1975); Gordon v. Turner Industries Group, LLC, 12-388 (La.App. 5th Cir.12/11/12), 106 So.3d 1130, 1131-32.
1 «CONCLUSION
For the foregoing reasons, the rule to show cause issued by this court ex proprio motu is recalled and the appeal is maintained. The portion of the May 24, 2016 district court judgment directing child support payments to be made by D.J.P. directly to A.R.W. is hereby reversed. Further, this matter is remanded to the district court with instructions to hold a hearing to consider DCFS’ request for a medical support order directed to D.J.P. to provide insurance coverage for K.J.W. should such be, or become, available through D.J.P.’s employer or other group insurance. The judgment of the district court is affirmed in all other respects.[8] All costs of this appeal are assessed to ap-pellee, D.J.P.
RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; MAY 24, 2016 DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
GUIDRY, J., concurs.

. See La. Ch.C. art. 423 and La. R.S, 46:236.5(0(6).

. A valid judgment must be precise, definite, and certain. Hayward v. Hayward, 12-0720 (La.App. 1st Cir.3/18/13), 182 So.3d 966, 970; Laird v. St. Tammany Parish Safe Harbor, 02-0045 (La.App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Additionally, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief granted or denied. See Carter v. Williamson Eye Center, 01-2016 (La.App. 1st Cir. 11/27/02), 837 So.2d 43, 44.

. Louisiana Revised Statutes 46:236.5(C)(5)(d) provides that the hearing officer’s written recommendation shall contain a “proposed judgment."

. See also La. R.S. 46:236.1.2(D)(1); La. R.S. 46:236.1.8(A); La. R.S. 46:236.7(A)(1). Under limited circumstances, La. R.S. 46:236.2(B) provides that A.R.W. could file a motion to have the child support order amended to require that payments be made to her. However, nothing in the record indicates she filed such a motion.

. When an individual is receiving Medicaid benefits, 42 C.F.R. § 433.146(a) and (c) require the assignment to the State of his “rights to any medical care support available under an order of a court” unless the assignment of rights is automatic under state law.

. Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied. M.J. Farms, *659 Ltd. v. Exxon Mobil Corporation, 07-2371 (La.7/1/08), 998 So.2d 16, 26. In the instant case, however, the district court's reasons for judgment indicate the district court did not consider DCFS’ specific request for a medical support order due to its conclusions that there were "no open proceedings for support enforcement services” and that DCFS lacked standing to proceed once KJ.W.’s parents reached a stipulation concerning child support. See Louisiana Power & Light Company, 324 So.2d 430, 432 (La.1975) (court declined to infer from silence in a judgment the rejection of a reconventional demand). Therefore, unlike the typical case in which silence creates a presumption that a claim has been rejected, the record herein does not support such a presumption.

. DCFS is the sole appellant in this appeal. No one else has appealed or answered the appeal raising any issue concerning the remaining portions of the judgment.